# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 43-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KIMBERLY DAWN PALMER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming before the undersigned upon two Violation Reports (#89-1), (#94) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her presentence release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Albert Messer, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Reports.

The Defendant was charged in a bill of indictment (#1) filed on June 5, 2006 with conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. On July 31,

2006, the undersigned released the Defendant on terms and conditions of pretrial release. (#57) The conditions of release included the following:

(1) Defendant shall not violate any federal, state or local law while on release.

(7)(m) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(q) Defendant must participate in home confinement program with electronic monitoring. Defendant was restricted to her residence at all times except from employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities as approved by the Officer of Probation and Pretrial Services.

On October 3, 2006, the pretrial service officer conducted a drug test of Defendant. The Defendant has tested positive for the use of methamphetamine and the Defendant signed a voluntary admission statement admitting that she had used methamphetamine on October 11, 2006. On October 2, 2006, the pretrial service officer conducted a home visit at Defendant's residence after receiving an electronic monitoring notification of an open strap alert regarding the electronic

monitoring of Defendant. The pretrial service officer located the electronic monitoring transmitter near a walkway at Defendant's residence. The Defendant was not at the residence and her whereabouts were unknown until she was arrested in Laredo, Texas on June 10, 2014.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, there is probable cause to believe that Defendant committed a federal and state crime while on release. The Defendant possessed methamphetamine so she could consume that substance. That possession violated

3

both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the Defendant violated other conditions of release in that it has been shown that Defendant has violated the term and condition of release that she refrain from use or unlawful possession of a narcotic drug unless it is prescribed by a licensed medical practitioner. The Defendant clearly violated this condition by using methamphetamine which is a drug which is not prescribed by a licensed medical practitioner. The Defendant has also violated the condition of release that ordered her to participate in a home confinement program on home detention with electronic monitoring by absconding from supervision.

Due to the findings made above and further considering the presumption that was created and also considering the factors as set forth in 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will

assure that the Defendant will not pose a danger to the safety of any other person or the community and the release of Defendant would create a risk of flight on her part. It is the opinion of the undersigned that based upon the Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an Order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining the Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: July 1, 2014

Dennis L. Howell
United States Magistrate Judge