# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00043-MR-DLH-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KIMBERLY DAWN PALMER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Time Extension to File Minor Role Reduction" [Doc. 200] and the Defendant's "Request for Modification of Sentence Pursuant to Amendment 794 and 18 U.S.C. 3582" [Doc. 201].

On September 6, 2006, the Defendant pleaded guilty pursuant to a written plea agreement to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. The Defendant absconded for a period of time. She was apprehended in the Southern District of Texas in June 2014 and was returned to this District. [Doc. 166]. On December 16, 2014, the Defendant was sentenced to a term of 168 months' imprisonment. [Doc. 182]. She did not file a direct appeal. On August 3, 2016, the Defendant filed a motion to

vacate pursuant to 28 U.S.C. § 2255, arguing that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her already reduced sentence.[1]  [Doc. 198].  The Court dismissed the Defendant's § 2255 motion without prejudice to bringing her claim in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  [Doc. 199]. On October 25, 2016, the Defendant filed a motion seeking an extension of time to file her § 3582 motion.  [Doc. 200].  On October 31, 2016, the Defendant filed her motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based on Amendment 794.  [Doc. 201].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment.  See U.S.S.G. § 1B1.10(d) (2015). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence.  Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment.  See U.S.S.G. app. C, amend. 794, at 116.  Here, the factual basis presented in the Presentence Report ("PSR") makes clear that the Defendant was far more than a minor or

---

[1] By having avoided custody for eight years, Petitioner realized the benefit of Amendment 782 (effective November 1. 2014) at the time of her sentencing.

minimal participant in the subject conspiracy. In fact, the PSR notes that the Defendant regularly bought and sold methamphetamine and was responsible for at least 500 grams of methamphetamine during the course of the conspiracy. [Doc. 179 at ¶¶ 9-15]. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Time Extension to File Minor Role Reduction" [Doc. 200] is **GRANTED**, and the Defendant's "Request for Modification of Sentence Pursuant to Amendment 794 and 18 U.S.C. 3582" [Doc. 201] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge