# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00043-MR-DLH-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KIMBERLY DAWN PALMER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Appeal Pursuant to USC § 3742(a)(1)(2), Petitioner's Sentence Has Been Imposed in Violation of the Law" [Doc. 206].

On September 6, 2006, the Defendant pleaded guilty pursuant to a written plea agreement to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. The Defendant absconded for a period of time. She was apprehended in the Southern District of Texas in June 2014 and was returned to this District. [Doc. 166]. On December 16, 2014, the Defendant was sentenced to a term of 168 months' imprisonment. [Doc. 182]. She did not file a direct appeal.

On August 3, 2016, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her already reduced sentence. [Doc. 198]. The Court dismissed the Defendant's § 2255 motion without prejudice to bringing her claim in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 199]. On October 31, 2016, the Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based on Amendment 794 [Doc. 201], which motion was denied by this Court on December 21, 2016 [Doc. 203].

The Defendant now returns to this Court, seeking to challenge the calculation of her sentence pursuant to 18 U.S.C. § 3742. [Doc. 206]. Section 3742, however, governs direct criminal appeals and is unavailable to the Defendant as she failed to file a timely direct appeal. United States v. Conrad, 2 F. App'x 384, 385 (4th Cir. 2001). The Defendant had 14 days from the entry of the Judgment in which to file a notice of appeal. Fed. R. App. P. 4(b). As the Fourth Circuit has noted, the appeal periods established by Rule 4 are "mandatory and jurisdictional." United States v. Miles, 510 F.2d 1362, 1362 (4th Cir. 1975) (citation omitted). Because the Defendant filed this "appeal" more than two years outside the appeal period, this Court lacks jurisdiction to consider the merits of the Defendant's arguments.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Appeal Pursuant to USC § 3742(a)(1)(2), Petitioner's Sentence Has Been Imposed in Violation of the Law" [Doc. 206] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 29, 2017

Martin Reidinger
United States District Judge