THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:06-cr-00043-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KIMBERLY DAWN PALMER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release/Sentencing Modification" [Doc. 236]. The Government opposes the Defendant's motion. [Doc. 237].

**I.     BACKGROUND**

In September 2006, the Defendant Kimberly Dawn Palmer pled guilty to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine. Thereafter, the Defendant absconded from supervision and remained a fugitive for eight years. She was apprehended in Laredo, Texas in 2014 and was returned to this District. [Doc. 174]. The Court sentenced her to 168 months of imprisonment and a term of five years' supervised release. [Doc. 182]. The Defendant has now served approximately 76 months of that sentence. She is currently housed at FPC

Alderson, and her projected release date is March 21, 2026.[1] The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 236]. Specifically, the Defendant argues that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. Alternatively, the Defendant requests a release to home confinement. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 11, 2020).

exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the

4

defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant asserts that her underlying health conditions—namely, chondromalacia of patella (runner's knee), her history of smoking, and high blood pressure—place her at a higher risk for severe illness resulting from COVID-19.

The medical conditions identified by the Defendant do not constitute an extraordinary and compelling reason to reduce the Defendant's sentence.

5

First, the Defendant does not allege how her knee problems contribute to the risk of severe illness from COVID-19. Further, a review of the Defendant's recent medical records indicate that the Defendant has not had any issues with hypertension or any of the other conditions that she identifies in her motion. Further, the Court notes that the Defendant has not shown that any of these conditions are terminal or substantially diminish her ability to provide self-care while in prison.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify her release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the defendant is housed in a facility that currently has no active cases.[4]

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] See http://www.bop.gov/coronavirus (last visited Sept. 13, 2020).

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for her release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Defendant has a history of being involved in a substantial drug conspiracy. The Defendant was convicted of possessing more than 500 grams of methamphetamine, and the PSR indicates that she could have been held responsible for distributing more than 1.5 kilograms. [Doc. 179 at 6]. The PSR also indicates that the Defendant possessed firearms in conjunction with her offense. [Id. at 7]. Additionally, the Defendant absconded from pretrial supervision and was a fugitive for several years,

which indicates the Defendant's lack of respect for the law. [See id.]. Requiring the Defendant to serve her full sentence adequately reflects the seriousness of her offense, promotes respect for the law, avoids unwarranted sentencing disparities, and provides general deterrence to others who might commit similar crimes.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of her continued incarceration.

The Defendant alternatively moves the Court to order her release to home confinement due to the ongoing COVID-19 pandemic. [Doc. 236]. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the

first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate*.") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. <u>Deffenbaugh v. Sullivan</u>, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); <u>United States v. Overcash</u>, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); <u>United States v. Curry</u>, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). For these reasons, the Defendant's request for a release to home confinement is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release/Sentencing Modification" [Doc. 236] is **DENIED**.

Signed: September 14, 2020

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge