# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00043-MR-WCM-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KIMBERLY DAWN PALMER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582 Compassionate Release" [Doc. 242].

## I. BACKGROUND

In September 2006, the Defendant Kimberly Dawn Palmer pled guilty to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine. While the Defendant was allowed to remain on bond pending sentencing, she absconded from supervision and remained a fugitive for eight years. She was apprehended in Laredo, Texas in 2014 and was returned to this District. [Doc. 174]. The Court sentenced her to 168 months of imprisonment and a term of five years' supervised release.

[Doc. 182]. She is currently housed at FPC Alderson, and her projected release date is March 21, 2026.[1]

In July 2020, the Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 236]. Specifically, the Defendant argued that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness was an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Government opposed the Defendant's motion [Doc. 237], and in September 2020, the Court entered an Order denying the Defendant's request. [Doc. 240].

The Defendant now moves the Court for a second time for a compassionate release. [Doc. 242]. For grounds, the Defendant argues that "updated" statistical data about the global pandemic as well as her post-incarceration achievements warrant a reduction of her sentence to time served. [Id. at 1-2]. The Government opposes the Defendant's motion, arguing that she has not presented a sufficient reason to cause the Court to

---

[1] See https://www.bop.gov/inmateloc/ (last visited May 25, 2021).

reconsider its previous denial of a similar motion. [Doc. 243]. The Defendant has filed a reply. [Doc. 244]. Having been fully briefed, these issues are now ripe for disposition.

**II.    DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, the Government does not address the issue of exhaustion, arguing instead that the Defendant's motion is essentially one seeking reconsideration of the prior Order denying her request for compassionate release.[2] [Doc. 243 at 2]. The Defendant takes issue with the Government's characterization of her motion, arguing that she is not seeking

---

[2] It is not disputed that the Defendant exhausted her administrative rights prior to filing her first motion for compassionate release. [See Doc. 241 at 2].

reconsideration of the Court's prior Order. Rather, she argues, her present motion relies on "new" statistical data and raises, for the first time, her efforts at post-sentencing rehabilitation as grounds for relief. [Doc. 244 at 2].

In her first motion for compassionate release, the Defendant cited a number of factors, including chondromalacia of patella, her history of smoking, and high blood pressure, which she contended placed her at a significant risk of serious illness or death from COVID-19. [Doc. 236]. She also argued that a consideration of the § 3553(a) factors warranted her release. [Id.].

The Defendant's present motion for compassionate release was filed approximately six months after her first motion for compassionate release was denied. Although she cites the same medical conditions as risk factors, she also relies upon new data regarding the pandemic, as well as information pertaining to conditions at FPC Alderson to justify her immediate release. [Doc. 242]. She also cites, for the first time, her efforts at post-sentencing rehabilitation as a factor weighing in favor of relief. [Id.].

In light of the amount of time that has passed since the denial of the Defendant's first motion, and the new information cited in support of her renewed request for relief, the Court will treat the Defendant's present motion

as a new motion for compassionate release and not just a motion for reconsideration of the Court's prior Order.

As the Defendant has made a new motion for compassionate release, her motion is subject to the exhaustion requirements of § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[3]

Here, the Defendant does not make any showing that she has submitted a new compassionate release request to the warden of her facility prior to renewing her request with the Court. The language of Section

---

[3] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust her administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3582(c)(1)(A) is clear: Before a defendant may seek a modification of her sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Thus, the Defendant has not complied with the requirements of the statute, and therefore, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582 Compassionate Release" [Doc. 242] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge