THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:06-cr-00043-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KIMBERLY DAWN PALMER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 252].

**I.  BACKGROUND**

Between 2004 and 2006, the Defendant Kimberly Dawn Palmer conspired to distribute and possess with intent to distribute large quantities of methamphetamine. [Doc. 179: PSR at ¶¶ 9-14]. The Defendant bought between an ounce and nine ounces of methamphetamine at a time and sold ounce quantities of methamphetamine to a half dozen others. [Id. at ¶¶ 9, 13-14]. During two searches of the Defendant's home in 2006, police found methamphetamine, evidence of methamphetamine distribution, numerous firearms, and more than $1,300 in cash. [Id. at ¶¶ 10-12]. Two of the Defendant's children, including her two-year-old son, were present during

one of the searches, and her two-year-old was found sleeping next to a box containing methamphetamine and in the same bedroom as a semi-automatic pistol. [Id. at ¶¶ 11-12]. More than 1.5 kilograms of methamphetamine were reasonably foreseeable to the Defendant. [Id. at ¶ 15].

A federal grand jury indicted the Defendant and charged her with conspiracy to manufacture and possess with intent to distribute at least 500 grams of a methamphetamine mixture and at least 500 grams of actual methamphetamine, in violation of 21 U.S.C. § 846. [Doc. 1]. The Defendant entered into a plea agreement with the Government and pled guilty to the conspiracy offense. [Docs. 72, 77].

In advance of sentencing, the Court's probation office submitted a Presentence Report and calculated a total offense level of 36, which included an increase of two offense levels for possession of a dangerous weapon. [Doc. 179: PSR at ¶¶ 22, 29]. The Defendant's criminal history garnered a single criminal history point related to her prior conviction for possession of drug paraphernalia. [Id. at ¶¶ 33, 35]. The probation office also assessed the Defendant two criminal history points because she committed her offense while she was on probation, for a total of three criminal history points, which corresponded to a criminal history category of II. [Id. at ¶ 36]. Based on a total offense level of 36 and a criminal history category of II, the

probation office calculated an advisory guidelines range of 210 to 262 months' imprisonment. [Id. at ¶ 61].

At sentencing, the Court reduced the Defendant's total offense level by two levels to 34 under Amendment 782 to the Sentencing Guidelines, resulting in an advisory guideline range of 168 to 210 months' imprisonment. [Doc. 183 at 1]. The Court sentenced the Defendant to 168 months' imprisonment at the low end of the guideline range. [Doc. 182 at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 252]. The Government consents to the Defendant's Motion. [Doc. 254].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first

3

step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

### III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant

4

who has six criminal history points or less and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assigned a total of three (3) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of II. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing her criminal history score from three to one. That score corresponds to a criminal history category of I, which when combined with a total offense level of 34 results in a revised advisory guidelines range of 151 to 188 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at

the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Here, the Defendant's post-sentencing conduct supports a reduced sentence. The Defendant has already served the majority of her sentence. During her period of incarceration, the Defendant has incurred only one minor disciplinary infraction. [See Doc. 252-1 at 1]. She has completed an impressive number of educational programs and work assignments. [Id.]. Additionally, while the Defendant's offense conduct was dangerous, it did not involve violence and the Defendant does not have a violent criminal history.

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to one hundred and fifty-one (151) months.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 252] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **ONE HUNDRED AND FIFTY-ONE (151) MONTHS**.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge

7

Case 1:06-cr-00043-MR-WCM   Document 256   Filed 02/07/24   Page 7 of 7